**Andrew R. PENCE, Appellant,**

v.

**Walter N. TOBRINER et al., Appellees.**

**No. 19136.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 7, 1965.

Decided July 15, 1965.

Petition for Rehearing Denied
Sept. 8, 1965.

Mr. John I. Heise, Jr., Washington, D. C., for appellant.

Mr. David P. Sutton, Asst. Corp. Counsel for the District of Columbia, for appellee Tobriner and others. Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, were on the brief.

Miss Carol Garfiel, Asst. U. S. Atty., for appellee Macy and certain other appellees. Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker, Arnold T. Aikens, Asst. U. S. Attys., and Martin R. Hoffmann, Asst. U. S. Atty., at the time the brief was filed, were on the brief. Mr. John A. Terry, Asst. U. S. Atty., also entered an appearance for appellee Macy, and certain other appellees.

Before WRIGHT, TAMM and LEVENTHAL, Circuit Judges.

PER CURIAM.

In 1953 appellant left the competitive civil service of the Federal Government to take a position in the District of Columbia Government, and later that year accepted two additional transfers to positions in the Department of Public Health, both entailing promotions. He thus arrived in the excepted rather than competitive service, and that limits his rights.

On February 6, 1958, he was informed by the District Government that because of an internal reorganization and realignment of duties within the Department his

position as GS–12 Position Classifier had been abolished; he was given notice of a separation from his job under a reduction in force, effective March 10, 1958.

His complaint claims that his separation was the result of arbitrary and capricious action on the part of the District Government officials, and failure to follow applicable procedures, and he seeks the benefit of all rights flowing from continuity of service from the time of his alleged wrongful discharge. It was not until the end of June 1958 that he found other employment, with the Library of Congress, and not until 1962 that he attained GS–12 grade, in the Commerce Department. The District Court granted summary judgment to defendants on the basis of the administrative record, and we affirm.

Appellant pursued the only remedy provided by statute and regulations when he appealed his separation to the United States Civil Service Commission, which in due course held that his rights had not been violated. His rights as an employee in the excepted service were not transgressed and appropriate procedures were followed.

The principal claim here is that the reorganization was not bona fide, that it followed hard on the heels of and as a result of a grievance proceeding growing out of friction between himself and his supervisor, which resulted in November 1957 in an outcome favorable to appellant. This fact, plus the fact that appellant's was the only position involved in the reduction in force, are certainly suspicious circumstances.

■ An employee may have access to the courts in appropriate cases where an alleged administrative reorganization is trumped up to deprive him of his rights. Smith v. United States, 151 Ct.Cl. 205 (1960).

■ However, we find that there was substantial evidence in the record to support the conclusion of the Civil Service Commission that this was a genuine and not a sham reorganization, and that its purpose was to obtain review of the recommendations of the journeymen position classifiers directly by the chief of the administrative management division of the Department, dispensing with the advisory intermediate review afforded by appellant.

Appellant claims that he cannot be limited to the administrative record made before the Commission since there is now available evidence obtained through the discovery procedure incident to this lawsuit, which was not available to him at the time of Commission consideration. The evidence in question consists of documents in the department's personnel files and in the correspondence files of the Commission. We have examined these documents and find they are not sufficiently material to have affected the result.

Affirmed.